IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) EDGAR WILLIAMS, Individually and<br>    as Personal Representative of the Estate<br>    of Linda Kay Williams, Deceased,<br><br>                    Plaintiff,<br><br>v.<br><br>(1) UNITED STATES OF AMERICA,<br><br>                    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. **22-CV-279-KEW** |

**COMPLAINT**

**COMES NOW** the Plaintiff, Edgar Williams (hereafter "Plaintiff" or "Claimant" or

"Williams"), both individually and as the Personal Representative of his late wife, Linda Kay

Williams (hereafter "LKW" or "Decedent" or "Patient"), and for his cause of action against the

United States of America (hereafter "USA"), does allege and aver the following facts.

**I.**

**Parties, Jurisdiction, Service of Process, and Venue**

1.1     This is a medical negligence and wrongful death lawsuit arising from sub-standard

medical care provided by employees and agents of the Muscogee (Creek) Nation Medical Center,

located at 1401 Morris Drive, Okmulgee, Oklahoma (hereafter "Hospital").

1.2     On information and belief, Hospital is operated and managed by Indian Health

Services (hereafter "IHS"), an agency within the Department of Health and Human Services

("HHS") of the United States of America.

1.3     All of the IHS medical care at issue in this claim was performed in Okmulgee

County, Oklahoma.

1.4     The Plaintiff is a resident of Okmulgee County, Oklahoma, and had been an

Okmulgee County resident at all relevant times.

      1.5     LKW was a resident of Okmulgee County, Oklahoma, at all relevant times.

      1.6     The Plaintiff is the widower of the Decedent, LKW, and he is the court-appointed Personal Representative of the Estate of his late wife, LKW – having been so appointed by the Okmulgee County, Oklahoma, Probate Court on 7/21/2020 (Okmulgee County, Okla., Case No. PB-2020-055).

      1.7     The Defendant is the United States of America.

      1.8     The Federal District Court has jurisdiction of this cause, because this action is brought pursuant to and in compliance with 28 U.S.C. §§ 1346(b) and 2671-2680, commonly known as the "Federal Tort Claims Act," which vests exclusive subject matter jurisdiction of Federal Tort Claims litigation in the Federal District Court.

      1.9     The United States of America may be served with process in accordance with Rule 4(i) of the Federal Rules of Civil Procedure by serving a copy of the Summons and the Plaintiff's Complaint on Christopher J. Wilson, United States Attorney for the Eastern District of Oklahoma by certified mail, return receipt requested, at his office located at 520 Denison Avenue, Muskogee, Okla., 74401, to the attention of the Civil Process Clerk, and by serving a copy of the Summons and Plaintiff's Complaint on Merrick B. Garland, Attorney General of the United States, by certified mail, return receipt requested, at the Attorney General's office, U.S. Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, D.C., 20530-0001, to the attention of the Civil Process Clerk.

      1.10    Venue is proper in this district pursuant to 28 U.S.C. §§ 1346(b), 1391(e), and 1402(b) as the United States is a Defendant and because a substantial part of the events and omissions giving rise to this claim occurred in this district.

## II.

## Liability of the United States

2.1     This case is commenced and prosecuted against the United States of America

pursuant to and in compliance with 28 U.S.C. §§ 2671-2780, commonly referred to as the "Federal

Tort Claims Act." Liability of the United States is predicated specifically on 28 U.S.C. §§

1346(b)(1) and 2674 because the personal injuries, wrongful death, and resulting damages of

which complaint is made, were proximately caused by the negligence, wrongful acts, and/or

omissions of employees or agents of the United States of America at the Hospital, while acting

within the scope of their office or employment, under circumstances where the United States of

America, if a private person, would be liable to the Plaintiff in the same manner and to the same

extent under the laws of the State of Oklahoma.

## III.

## Jurisdictional Prerequisites

3.1     Pursuant to 28 U.S.C. §§ 2401(b), 2672, and 2675(a), the Plaintiff's claims as set

forth herein were filed with and presented administratively to the Defendant's agency, the HHS,

on 9/28/2020, and received by the HHS on 9/29/2020.

3.2     On 4/4/2022, the HHS denied this claim by written letter to Claimant on that date,

for reasons of insufficient proof of medical negligence by any employed actor. Specifically, the

emergency medicine physician, Kenneth Kirk, M.D. ("Kirk"), was, according to the HHS, a

contract physician and not an employed physician of the Defendant on 10/26/2018 (the date of the

medical negligence and injury), and no other employed clinicians were found to have been

negligent.

3.3     This lawsuit is timely pursuant to 28 U.S.C. § 2401(b) and 28 C.F.R. § 14.9(a). Plaintiff has complied with all jurisdictional prerequisites and conditions precedent to the commencement and prosecution of this litigation.

## IV.

### The Department of Health and Human Services is an Agency of the United States

4.1     The HHS is an agency of the United States of America. The United States of America, the Defendant herein, through its agency, the HHS, at all times relevant hereto, owned, operated, and controlled the healthcare facility known as Muscogee (Creek) Nation Medical Center, located at 1401 Morris Drive, Okmulgee, Okla., by and through its sub-agency the IHS, and it staffed said healthcare facility with its agents, servants, and/or employees.

## V.

### Employment and Course and Scope

5.1     At all times material hereto, on information and belief, all persons involved in the medical and health care services provided to the Plaintiff's wife LKW at the Hospital were agents, servants, and/or employees of the HHS, or some other United States agency thereof, and were at all times material hereto, acting within the course and scope of such employment.

## VI.

### Facts

6.1     This is a Federal Tort Claims Action for monetary damages sustained by Plaintiff resulting from personal injury and the wrongful death of LKW as a result of substandard and therefore negligent medical care.

6.2     This claim concerns substandard medical care provided by agents, servants, and employees of the United States Government at the Hospital, resulting in the death of LKW on 3/5/2019. Specifically, on 10/26/2018, IHS emergency department clinicians at the Hospital attempted placement of a left subclavian central venous catheter, but errantly placed the catheter in LKW's left subclavian artery. Medication infused therein caused seizure, cerebral injury, and eventually death on 3/5/2019.

6.3     The patient chart for LKW at the Hospital is vague and opaque as to the identity of the clinician or clinicians who participated in the attempted placement of a left subclavian central venous catheter.

6.4     Normally, subclavian central venous catheter placement is performed by an interventional radiologist or a general surgeon, assisted by specially trained nurses and technologists. There is no indication in the patient chart that LKW's central line procedure was performed by any person so credentialed.

6.5     Whomever were the clinicians at the Hospital who attempted the placement of a left subclavian central line did so negligently, which negligence contributed to, or was the direct cause of, LKW's death on 3/5/2019.

6.6     If the emergency room physician Kirk was the clinician who performed LKW's left subclavian central venous catheter misplacement, and if it is determined that Kirk was not employed by the IHS on 10/26/2018, liability nevertheless lies with the United States for the following non-exclusive list of reasons.

6.7     Kirk is deemed to have been an IHS employee on 10/26/2018 because IHS exercised control over Kirk's medical services.

6.8     Kirk is deemed to have been an IHS employee on 10/26/2018 because Kirk's medical services are susceptible to supervision and control by the IHS.

6.9     Kirk is deemed to have been an IHS employee on 10/26/2018 because, on information and belief, the contract between Kirk (or his physician group employer), on the one hand, and IHS, on the other hand, may have allowed IHS sufficient general supervision over Kirk to create IHS liability for Kirk's tortious conduct.

6.10    Kirk is deemed to have been an IHS employee on 10/26/2018 because the control test generally applied to "contract" workers (*United States v. Orleans*, 425 U.S. 807, 814) is not the appropriate test for determining if a contract physician is deemed to be a federal employee.

6.11    Kirk is deemed to have been an IHS employee on 10/26/2018 because there is an exception for physicians from the statutory rule that the United States is not liable for the negligence of independent contractors.

6.12    Kirk is deemed to have been an IHS employee by equitable estoppel. The IHS should be equitably estopped from asserting the independent contractor defense because its patient chart was intentionally vague and opaque about whom the actors were who performed the central line misplacement, thereby concealing the identities of the probable tortfeasors for purpose of preventing timely state court litigation by the Plaintiff against non-government actors.

6.13    If Kirk is NOT deemed to have been an IHS employee on 10/26/2018, then IHS is nevertheless liable for having negligently contracted with an unqualified and unskilled internal medicine physician to staff its emergency room and to perform invasive emergency procedures on its unwitting patients.

## VII.

## Causes of Action Against the United States of America

## Medical Malpractice and Wrongful Death

7.1     Plaintiff incorporates the above-numbered paragraphs as if fully set forth herein.

7.2     The medical timeline for LKW described in paragraphs 6.1 through 6.13 describes an institutional failure by the IHS to provide competent and timely emergency medical care to their patient.

## VIII.

## Damages

8.1     **Survivorship Claim.** As a direct and proximate result of Defendant's negligent errors and/or omissions, Plaintiff, Edgar Williams, as widower and Personal Representative of the Estate of LKW, and pursuant to OKLA. STAT. tit. 12 § 1051, has incurred damages arising from such negligence, which include, but are not limited to: LKW's personal injury and death; diminishment of her chances of surviving her hospitalization; the pain suffered by LKW prior to her death; LKW's medical and hospital expenses; LKW's burial and funeral expenses; and all other categories of damages that may be permissible by law.

8.2     **Wrongful Death Claim.** As a direct and proximate result of Defendant's negligent acts and/or omissions, Plaintiff, Edgar Williams, as widower and Personal Representative of the Estate of LKW, and LKW's children, Vickie Lynn Williams and Hank James Williams, have incurred the damages enumerated at OKLA. STAT. tit. 12 § 1053(B), to include:

- Williams's loss of financial support

- Williams's grief

- Williams's loss of the society, services, companionship, and marriage relationship of his wife

7

- Grief of LKW's two children

- Loss of companionship by LKW's two children

- LKW's loss of life

- LKW's pain and suffering

- LKW's hospital and medical expenses

- LKW's burial and funeral expenses

- All other categories of damages that may be permissible by law

8.3     Plaintiff's claim is limited by the *ad damnum* clause in his Form 95, line 12d, to be ten million dollars ($10 million) for the medical negligence claim and ten million dollars ($10 million) for the wrongful death claim.

## IX.

### Meaning of "Defendant"

9.1     In this Complaint, whenever the term "Defendant" is used, it means Defendant, Defendant's officers, agents, servants, employees, and/or representatives. Whenever in this Complaint it is alleged that Defendant did any act or thing, it is meant that Defendant, Defendant's officers, agents, servants, employees, and/or representatives did such act or thing, and that at the time of such act or thing was done, it was done with the full authorization and ratification of Defendant and was done in the normal routine course and scope of employment of Defendant's officers, agents, servants, employees, and/or representatives. Whenever in this Complaint, it is alleged that Defendant omitted any act or thing, it is meant that Defendant, Defendant's officers, agents, servants, employees, and/or representatives omitted such act or thing. Allegations herein against the IHS and the BIA and the HHS are allegations against the Defendant.

**WHEREFORE,** premises considered, the Plaintiff requests that the Defendant be summoned to appear and answer; that upon the final trial and hearing hereof, the Plaintiff, Edgar Williams, as widower to and Personal Representative of his late wife, Linda Kay Williams, have judgment against the Defendant in an amount that will justly and fairly compensate LKW's widower and her children for all categories of damages that are set forth in OKLA. STAT. tit. 12 §§ 1051 and 1053; and for all other damages available under the law; for post-judgment interest at the applicable legal rates; for all court costs incurred in this litigation; and for such other and further relief, at law and equity, both general and special, to which the Plaintiff may show himself entitled and to which the Court believes Plaintiff may deserve.

RICHARD A. SHALLCROSS & ASSOCIATES, P.L.L.C.

By:    *s/Richard A. Shallcross*
Richard A. Shallcross, OBA #10016
The Wrightsman
1645 South Cheyenne Avenue
Tulsa, Oklahoma 74119
(918) 592-1645
(918) 585-9137 (fax)
Richard@shallcrosslaw.com

*Attorney for the Plaintiff,*
*Edgar Williams, Individually and as Personal*
*Representative of the Estate of Linda Kay Williams*

9